# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEROY COOK, JR., and )
KIMBERLY A. COOK )
  )
    Plaintiffs, )
  )
    v. )     C.A. No. N17C-03-208 JRJ
  )
J AND V TRUCKING COMPANY, )
INC., and J & V TRUCKING, INC., )
Jointly and Severally, )
  )
    Defendants. )

Date Submitted:    March 10, 2021
Date Decided:    March 17, 2021

## ORDER

1.    On July 6, 2020, the Court approved the Second Amended Trial Scheduling Order.[1] That scheduling order established a discovery cutoff of November 20, 2020 and a dispositive motion deadline of November 30, 2020.[2]

2.    On November 30, 2020, Defendant J and V Trucking Company, Inc. filed a Motion for Summary Judgment, which is now pending before the Court.[3] On the same day, the Court issued a briefing schedule, which required Plaintiffs to file

---

[1] Trans. ID. 65745992.

[2] *Id.*

[3] Trans. ID. 66145588. Although J and V Trucking Company, Inc., and J & V Trucking, Inc. have been named as separate corporate entities, only Defendant J & V Trucking Company, Inc. is represented in this matter. *See* Trans. ID 60729787; Trans. ID 60902793. The Court assumes that both corporate entities have identical interests and will therefore treat both entities as one.

their Response by December 30, 2020.[4]  On January 11, 2021, the parties filed a stipulation to extend Plaintiffs' deadline to January 25, 2021.[5]  The Court approved that stipulation on January 12, 2021.[6]

3.      In accordance with the stipulation, Plaintiffs filed their Response on January 25, 2021.[7]  They included three exhibits:  Exhibits "A," "B," and "C."[8]  Relevant here, Exhibit C comprises a number of Pennsylvania and Delaware criminal dockets that purport to show Cruz Garcia's criminal history.[9]  Timestamps on the docket show that the dockets were obtained on January 22, 2021.[10]

4.      On February 8, 2021, Defendant filed its Reply.[11] It noted that the criminal dockets "were never produced during the discovery period."[12]  For this reason, Defendant argued that the criminal dockets "are not in the record to be considered by this Court in determining the motion for summary judgment."[13]  Seeking additional information about this matter, the Court asked Plaintiffs to

---

[4] Trans. ID. 66146187.
[5] Trans. ID. 66242680.
[6] Trans. ID. 66246255.
[7] Trans. ID. 66280763.
[8] *Id.*
[9] *Id.*
[10] *Id.*  The Delaware criminal dockets contain the notation "as of 1/22/2021."  The Pennsylvania criminal dockets contain the notation "Printed: 01/22/2021."  *Id.*
[11] Trans. ID. 66318828.
[12] *Id.* at 2, ¶ 2.
[13] *Id.*

identify when they requested the criminal dockets and to state whether they immediately produced the dockets to Defendant.[14]

5.     On March 10, 2021, Plaintiffs filed their response.[15] They explained that they conducted a search of Garcia's Delaware criminal history around the time that they filed their original Complaint: March 20, 2017.[16] Plaintiffs took handwritten notes of the information that they discovered, but they did not disclose the information to Defendant; they reasoned that the information was a matter of public record and, therefore, was readily available to Defendant.[17] On January 15, 2021, Plaintiffs commissioned O'Rourke Investigative Associates.[18] Plaintiffs "engaged O'Rourke . . . to acquire Cruz's criminal dockets from Delaware, Maryland[,] and Pennsylvania."[19] O'Rourke returned the dockets to Plaintiffs on January 22, 2021.[20] Finally, on January 25, 2021, Plaintiffs filed their Response, attaching the dockets that they deemed relevant.[21]

6.     It is undisputed that the criminal dockets were produced after the discovery cutoff. Nonetheless, the Court will consider the dockets in resolving the pending Motion for Summary Judgment. Because the trial is not until June 14, 2021,

---

[14] Trans. ID. 66385397.
[15] Trans. ID. 66407173.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

3

Plaintiffs' untimely production of the criminal dockets should not prejudice Defendant in preparing for trial.[22]

7.    Still, the Court recognizes that Plaintiffs' untimely production of discovery affected the Motion for Summary Judgment and cost Defendant time and money.  Defendant moved for summary judgment reasonably believing, based on the Court's order, that the discovery period had closed.  And Plaintiffs could have, but did not, timely move to extend the discovery period before the dispositive motion deadline passed.  Given the particular circumstances, the Court finds that Plaintiffs should reimburse Defendant for the reasonable attorney's fees and costs incurred by Defendant in preparation and presentation of its pending Motion for Summary Judgment.[23]

**WHEREFORE, IT IS HEREBY ORDERED** that Defendant shall file an affidavit with the Court attesting to the reasonable fees and costs incurred in connection with the preparation and presentation of its Motion for Summary

---

[22] The trial date is June 14, 2021.  Trans. ID. 65745992.

[23] *Consol'd Beyond Bldg., Inc. v. Fiss*, 2019 WL 5078898, at *1 (Del. Super. Ct. Oct. 8, 2019) (citation omitted) (noting that the Court "has the authority to address a party's failure to comply with its [Trial Scheduling Order] or its failure to participate in good faith via motion or *sua sponte*, under Rule 16"); *see also* Del. Super. Ct. Civ. R. 16(f) ("If a party or party's attorney fails to obey a scheduling or pretrial order, . . .  the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party, or both, to pay the reasonable expenses incurred because of any noncompliance with this Rule, including attorneys' fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.").

Judgment, and Plaintiffs shall have ten days thereafter to file a response to that affidavit.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan. R. Jurden, President Judge